## JOHN D. HILDRETH *vs.* MARY C. MARTIN.

In an action to recover for materials delivered upon land of the defendant, and used in the erection of a building for him, evidence of a previous contract between him and a third person, by which the latter agreed to erect the building and furnish all the materials therefor, is competent in defence.

If evidence of a declaration made in the presence of a party to a contract, without reply from him, is objected to on the sole ground that the declaration was not heard by him, and the evidence is submitted to the jury with instructions to disregard it unless satisfied that the party heard the declaration, the objection cannot be taken for the first time in this court, at the hearing on exceptions, that the declaration was not such as, if heard, called for a reply.

MERRICK, J. This is an action of contract to recover for the price of a quantity of stones for underpinning, alleged to have been sold and delivered to the defendant. It is certainly well settled that, where there has been a special contract, the whole of which has been completely executed by one of the parties, and the time of payment by the other is past, general *indebitatus assumpsit* may be maintained. *Cutter* v. *Powell*, 2 Smith's Lead. Cas. (5th Amer. ed.) 41, note by Wallace. *Holbrook* v. *Dow*, 1 Allen, 397. The plaintiff relies upon this principle; and, upon the application of it to the facts proved, he claims to be entitled to recover. Having offered evidence tending to prove a special contract between himself and the defendant, by force of which he was to procure and deliver to her the stones in question for a stipulated price, in order to show that it had been fully executed on his part, he produced additional evidence, from which it appeared that the stones were got out and were hauled by him on to her land, and were there used in building the dwelling-house which she was then having erected thereon.

That a delivery of the stones to the defendant, according to the terms of the contract, was essential to the due execution and fulfilment of it on his part, is conceded by the plaintiff. The defendant denied that she had ever made the alleged contract, and the evidence upon that question was contradictory and conflicting. She moreover denied that the stones had ever been

delivered to her, and affirmed that they were in fact delivered to one Bisbee, as the purchaser of them, he having contracted with her to dig and stone the cellar for the house which she was then about to erect, and to furnish all the materials, including the stone necessary for underpinning. And she produced, and was permitted by the court, against the objection of the plaintiff, to submit to the jury, evidence of said contract between herself and Bisbee. The ruling of the court upon this subject was directly within and in conformity to the principle of the decision in the case of *Boynton* v. *Leighton*, 1 Allen, 509, and the objection of the defendant to the admission of the evidence was therefore properly overruled. The delivery of the stones on the defendant's land, and the use of them in the construction of her house, tended to show the performance of his alleged contract on the part of the plaintiff; but, on the other hand, proof of the contract between Bisbee and the defendant had an equally direct tendency to explain the transaction, and to rebut the inference which otherwise might fairly have been deduced from the fact of a delivery on her land, and from the appropriation of the stones as part of the materials used in the construction of her house, that there was a delivery of the stones at that place to her. Proof of such an explanation would render it probable that the delivery was to Bisbee, who was on the land to receive, and bound by his agreement to procure and use, the stones in constructing the cellar wall and foundation for the house, rather than to the plaintiff, who had, in consequence of her contract with him, no occasion to supply them herself. And it is because these facts, if established, would thus have a tendency to rebut the inference which the plaintiff sought to deduce from proof of the delivery of the stones on her land and the use of them as materials availed of in the construction of her house, that he had performed his alleged contract with her, that she was entitled to offer to the jury the evidence objected to.

2. The testimony of the witness Dame, as to what was said by Bisbee in the supposed hearing of the plaintiff, was admitted by the court under proper restrictions. At the trial, the plaintiff

only objected to its admissibility on the ground that the conversation was not heard by him. But the jury were advised that unless they were satisfied that he did hear it, the testimony was inadmissible, and therefore no effect whatever should in such case be given to it by them. Undoubtedly the defendant is right when she contends that the rule of evidence in relation to statements of third persons in the presence of a party to a suit is, that no admission by him is to be inferred or implied by his silence, unless the remark or statement is of such a character in itself, or derives such character from the attending circumstances, as to call for some reply from him. *Larry* v. *Sherburne*, 2 Allen, 35. But no such objection was made to the admission of the testimony of the witness, nor was the court requested to prescribe any rule of law upon the subject, or to give any instructions to the jury in relation to the effect it ought to be allowed to have, or as to the limitations within which only it should be considered. In the absence of any suggestion to the contrary, it must be presumed that if any other objection was taken beside that relative to the question whether the remark of Bisbee was heard by the plaintiff, it was correctly disposed of by the court, and a proper ruling made in reference to it. Under the circumstances stated, the evidence was admissible, and its effect was properly left to be determined by the jury.

*Exceptions overruled.*

*J. W. Perry & W. C. Endicott*, (*S. B. Ives, Jr.* with them) for the plaintiff.

*J. C. Perkins*, for the defendant.